## Wistar *versus* McManes.

1. To a bill for relief, and discovery in aid of the relief sought, a demurrer is not sustainable exclusively to so much of the bill as seeks discovery except where the discovery would subject the defendant to a penalty, or it is immaterial or impertinent, or involves a breach of confidence held inviolate by law or appertains exclusively to defendant's title.

2. Where the reasons for the demurrer will protect the defendant against making the discovery they are equally a defence against the relief sought; the defendant cannot demur to the discovery and answer as to the relief.

3. In a bill for discovery and relief, the denial of the discovery is no ground for dismissing the bill; the plaintiff may make out his case without discovery.

4. Judgments were entered on warrants of attorney; the court denied the defendant's application to open the judgments and let him into a defence on the ground of usury. This was not such an adjudication as to bar a resort to equity for relief.

5. The denial of relief because of a prior adjudication at law is limited to cases where the party had a trial or an opportunity of a trial in which he might have availed himself of his equities.

6. The summary determination of a question raised by a motion in a court of law is not a bar to a bill in equity if it be an equitable question, though it be decided there is no equity.

7. Opening a judgment in a court of law is *ex gratia;* restraining a plaintiff from proceeding upon it, if there be an equitable defence and no laches, is of right.

8. Hagner *v.* Heyberger, 7 W. & S. 104, remarked upon.

January 15th 1867. Before WOODWARD, C. J., THOMPSON, STRONG and READ, JJ. AGNEW, J., at Nisi Prius.

[Wistar v. McManes.]

This was an appeal from a decree of the District Court of *Philadelphia*. In Equity.

The bill was filed to March Term 1865, by Richard M. Wistar against James McManes and John McIntyre, McIntyre being trustee and assignee of the complainant.

The bill alleges that the complainant, on the 24th of July 1831, conveyed his real estate upon certain trusts, and that on October 17th 1832, and June 19th 1838, he took the benefit of the insolvent laws, assigned all his estate and was discharged, and that on the 18th of April 1863, all his estate not sold and distributed amongst his creditors became vested by sundry conveyances, &c., in McIntyre, one of the defendants, as the complainant's trustee and assignee; that his whole estate after distribution until February 16th 1864, consisted in unavailable lands in Clinton county, Pennsylvania, and that from 1831 to 1864 he had no other estate or income, was reduced to great necessities, and unable to support himself without the greatest difficulty; that in 1854 some of these lands were about to be sold for taxes, that his trustees had no moneys in their hands, nor had he any means, and in this emergency he borrowed from McManes, the defendant, September 5th 1854, the sum of $500 at the usurious rate of interest of 4 per cent. per month, and that on July 2d 1855, being in great necessity, he borrowed of McManes the further sum of $300 at a like rate of interest, one of the conditions of the last loan, as required by McManes, being that the complainant should execute and deliver to him a judgment-note, payable in six months, for $1148.22, being the principal of said loans, and interest at the rate of 4 per cent. per month; that on the 1st of January 1857, at the request of McManes, he gave him another judgment-note for $450, for the interest, at 4 per cent. per month, on the first judgment-note; on October 16th 1857 he gave McManes a due-bill at 15 days for $300, for the usurious interest on the notes, and on November 25th 1858, under threat of execution, he gave him a further promissory note for $678, at 10 days, for like usurious interest; that the only money due to McManes are the sums of $500 and $300, and lawful interest on them, which complainant tendered, &c. The bill further set forth that in April 1863 McIntyre, as assignee of complainant, sold and received the purchase-money of some of the lands, and on February 16th 1864 the Court of Common Pleas decreed that the lands not sold should be reconveyed to complainant, that McIntyre should settle his account, and pay the balance in his hands to the complainant; that McManes took no steps to proceed at law upon the notes until the receipt of money by McIntyre, and refused to receive what was legally due, although the complainant frequently offered to pay him, but entered judgment on the notes, and issued attachment-executions, making McIntyre garnishee; that McIntyre paid

[Wistar *v.* McManes.]

$1000 on the notes, accepted service, and McManes, on September 21st 1863, entered judgment for want of answers to interrogatories; that, March 19th 1864, on complainant's affidavit averring the foregoing facts as to the usurious character of the notes, the court granted a rule to show cause why the judgments should not be opened and the defendant let into a defence, and took the deposition of McIntyre, the only person beside the complainant and McManes who knew anything about the loans; that McIntyre declared he did not know the terms of the loan, and there being no other evidence, the rule was discharged; that McManes presented the judgments to the auditor to whom McIntyre's account as assignee had been referred, and claimed the whole amount, with interest, which was allowed by the auditor, and the exceptions to such allowance were then pending in the Court of Common Pleas. "That in consequence of said fact of usury being known to no one but complainant and defendant McManes, complainant is wholly without relief at law, and fears that execution may issue on said judgments against said McIntyre, and he be compelled to pay said sum of $2440, and that said Court of Common Pleas will dismiss complainant's exceptions to said report and confirm same."

Then followed nine interrogatories, and the prayer "That said McManes be restrained from further proceedings on said judgments or attachments, or in any way at law against complainant, or McIntyre, to recover the amount thereof, or that allowed to McIntyre in his account; that McIntyre be restrained from paying the same to McManes, and that McManes be decreed upon payment to him of said $500 and $300, and lawful interest, less said $1000, to deliver up said judgment-notes, due-bill and promissory note, to be cancelled as illegal and voidable on account of the usurious interest therein," &c.

McManes demurred to so much of the bill as seeks that the defendant may answer as to the circumstances of the loan of the sums of $500 and $300, and the rate of interest at which it was loaned, as to the judgment-note for $1148.22, including the above sums and interest at 4 per cent. per month, and the $450 note, being for like usurious interest, as to the sole consideration for the several judgments being the first two sums; as to the circumstances of the loans, &c., being known only to complainant and respondent, &c.

"And *for cause* showeth that it appears by the 13th, 14th, 15th and 16th paragraphs of the bill, that said judgments for $1148.22 and $450 are *res judicata* by the District Court sitting at law, and are still the subject of judicial investigation and determination before the Court of Common Pleas."

He put in also a general demurrer.

[Wistar *v.* McManes.]

He also answered the parts of the bill not demurred to ; the answer is immaterial to an understanding of the case.

McIntyre filed no plea, answer or demurrer.

The District Court sustained the demurrer, and dismissed the bill : this was the error assigned in the Supreme Court.

*T. E. McElroy* and *S. C. Perkins,* for appellant.—The demurrer should have been overruled,

1. Because the bill is for *discovery* and *relief,* the former being incidental to the latter. A demurrer to the *discovery alone* will not lie to such a bill. It should be to *the relief :* Morgan *v.* Harris, 2 Bro. C. C. 124. If the party has a right to relief in equity he has a right to an answer from the defendant to every allegation of his bill, the admission of the truth of which, or the proof of the truth of which, is necessary to entitle him to that relief: Hare on Discovery 4, 5, 292 ; Story's Eq. Pl. §§ 312, n. (2), 546–7 ; Brightly's Eq. Jurisp. § 616 ; 1 Daniel's Ch. Pl. 571 ; 1 Mad. Ch. 216 ; Mitf. Eq. Pl. 184–5 (5th ed.) ; Story Eq. Pl. §§ 546–7 ; Waring *v.* Macreth, Forrest 129 ; Brownell *v.* Curtis, 10 Paige 210, 214 ; Dell *v.* Hale, 2 Y. & C. 1, 3 ; Gallagher *v.* Roberts, 1 W. C. C. R. 320.

2. Because it is bad *in point of law.*

It is based upon two grounds, that the judgments " are still the subject of judicial investigation and determination" before the Court of Common Pleas, and that they are " *res judicata*" by the District Court.

1. As to the first ground, it is not true in point of fact. Neither the auditor nor the court has any right to " investigate" or " determine" the judgments; both are bound by them until reversed by the proper tribunal.

2. The second ground also *is untrue in point of fact.* The sole question presented to the court was, Shall *an issue* be awarded ? The question raised by the bill is, was there or not any *usurious interest* in the consideration of the judgment-notes on which the judgments were entered up ? Child *v.* Gibson, 2 Atk. 603. If a former judgment or decree is pleaded in bar of a new bill, it must appear to be *ad idem.*

It is doubtful whether a bill of discovery will lie in support of a mere *motion for an issue.*

The only recognised purpose of such a bill is to obtain an answer to be read on the trial of a suit or action at law ; and where there is no trial to be had there can be no discovery to be sought: Hare on Discovery 71 ; 1 Mad. Ch. 196–9 ; Adams Eq. 120–1 ; Story's Eq. Pl. §§ 311, 319 ; 2 Story's Eq. Jurisp. § 1483 ; 1 Smith Ch. Pr. 498 ; Lubé Princ. of Eq. Pl. 20 and note ; 2 Hoffman's Ch. Pr. 107–9 ; Mitf. Eq. Pl. 186, 191–2 ; Brightly's Eq.

4 P. F. SMITH—21

[Wistar *v.* McManes.]

Jurisp. § 477; Hare on Discovery 111–12; Whitmore *v.* Thornton, 3 Price Ex. R. 248.

Supposing it will lie; by filing such a bill complainant would have submitted his cause to the decision of an inferior tribunal, without the right to a writ of error, had that decision been against him: Nice *v.* Bowman, 6 Watts 26; Kalbach *v.* Fisher, 1 Rawle 323; Withers *v.* Haines, 2 Barr 435; Skidmore *v.* Bradford, 4 Id. 296; Henry *v.* Brothers, 12 Wright 71.

Why should he be compelled to file his bill for discovery merely, and then try his case at law, when, by adding a prayer for relief, he could have his cause heard and decided without such trial, and thus avoid a multiplicity of suits, which equity abhors? As at that time he did not know that McIntyre knew nothing about the usury, he could not have sustained a bill for relief, as he could not then have averred, as he was bound to do, that he had no evidence other than the oath of the plaintiff in the judgments to sustain his case: Story's Eq. Pl. §§ 313, 319, n. 3, 324 a; Gilder *v.* Merwin, 6 Wh. 522, 543.

But whether such a bill could have been filed or not, and even had the very question in the cause been in any way heard on the hearing of the rules and determined against the complainant, that decision would not be such a *res judicata* as would preclude him from his present bill.

The cases which have been held to be such *res judicata* as will preclude a plaintiff from filing his bill are those where he has had a trial, at which the whole matter was gone into and discussed, followed by a verdict against him; or a trial at which it might have been discussed, or where knowing, before the trial, that he could prove his case only by the oath of his opponent he did not call him, or file a bill of discovery where he did not call him: Field *v.* Beaumont, 1 Swanst. 204; Whitmore *v.* Thornton, 3 Price's Ex. R. 241–8; Graves *v.* Houldich, 2 Id. 147; Norton *v.* Woods, 5 Paige's Ch. R. 249; Duncan *v.* Lyon, 3 Johns. Ch. C. 351; Earl of Oxford's Case, 3 L. C. in Eq. (Hare & Wallace's notes, 3d ed.) 154; Protheroe *v.* Forman, 2 Swanst. 227; Vilas *v.* Jones, 1 Comst. 274; Hankey *v.* Vernon, 2 Cox 12; Taylor *v.* Sheppard, 1 Y. & C. 271; Peterson *v.* Bangs, 9 Paige 627, 634; Kalbach *v.* Fisher, 1 Rawle 323; Skipwith *v.* Strother, 3 Rand. 214; Gill *v.* Webb's Adm., 4 Monroe 299; Cochran *v.* Eldridge, 13 Wright 365, 371.

Where a contract is made or security taken in violation of law, or contrary to its declared and established policy, as for a gaming debt or upon usurious interest, a bill will lie notwithstanding a verdict and judgment at law: Thomas, Trustee of Lloyd, *v.* Watson, 9 Md. 536, note; 1 Story's Eq. Juris. § 302; Gough *v.* Pratt, 9 Md. 526; West *v.* Beames, 3 Harris & Johns. (Md.) 568; Bitch *v.* Fenby, 6 Md. 218; White *v.* Washington, 5 Grattan 645;

[Wistar v. McManes.]

Woodson & Royster v. Barnatt & Co., 2 Hen. & Munf. 80; 3 Rand. 214; 4 Monroe 299, *supra.*

But an application, as in the present case, is addressed to the discretion of the court. The court itself is not concluded by it, but may grant another similar motion and decide the other way. It cannot be called a trial, or the decision upon it a verdict. It is not such a *res judicata* as will preclude a subsequent bill in equity upon the same ground: Earl of Oxford's Case, 3 L. C. in Eq. (Hare & Wallace's notes, 3d ed.) 188–9; Bromley v. Holland, 5 Ves. 610, 617; s. c. 7 Id. 14, 15; Foster v. Davenport, cited in the case in 5 Vesey; Simpson v. Hart, 14 Johns. R. 63; Simpson v. Hart, 1 Johns. Ch. C. 98; Arden v. Patterson, 5 Id. 44; Fanning v. Dunham, 5 Id. 122, 141, 142; Vaulx v. Sherry, Finch's R. 472; Picket v. Morris, 2 Wash. (Va.) R. 255; Galbraith v. Black, 4 S. & R. 207; Earl of Oxford's Case, 3 L. C. in Eq. (Hare & Wallace's notes, 3d ed.) 154; Cochran v. Eldridge, 13 Wright 365; Stockdale v. Ullery, 1 Id. 486; Act April 16th 1845, § 3, Purd. 502, pl. 6, Pamph. L. 542; Yates v. People, 6 Johns. 431; Bromley v. Holland, 5 Ves. 610; s. c. 7 Ves. 14, 15.

*E. C. Quinn* and *W. L. Hirst,* for appellee.—The demurrer is not to the discovery or the relief, but to the jurisdiction. It is based upon the principle that, a court of competent jurisdiction having once determined the matter in issue, it is *res judicata,* and no other court has a right to inquire into such a judgment.

"The demurrer may be to the relief sought, it may be to the discovery, or it may be to both, or to only part of one or of both:" Adams's Doctrine of Equity 334, and the cases cited; Story's Equity Plead. § 447; Brownell v. Curtis, 10 Paige 210. The appellant is not entitled to the discovery, when, if obtained, it cannot be material: Wigram on Discovery 19; Hare on Discovery 4, 5; Story's Equity Plead. § 313; Gallagher v. Roberts, 1 W. C. C. R. 320.

The appellant had three opportunities to contest the matter complained of in his bill:—

1st. In the suits upon the attachment in execution.

2d. In the Court of Common Pleas.

3d. In the District Court, sitting at law: Skidmore v. Bradford, 4 Barr 296; McCormick v. Hancock, 2 Id. 310; Ogilsby v. Lee, 7 W. & S. 444; Erie Canal Co. v. Laury, 6 Am. Law Reg. 750; 1 Troubat & Haly's Pr. 570; Thompson v. Hill, 3 Yerger 167; Flournoy v. Holcomb, 2 Munf. 34; Weber v. Samuel, 7 Barr 519.

The appellant had a full and complete remedy at law, which he exhausted by applying and submitting to the judgment of the

District Court, upon due proof, the matter set forth in his bill: Cochran *v.* Eldridge, 13 Wright 365; French *v.* Garner, 7 Porter 549.

The cases cited by the appellant either do not sustain him, or are not well considered.

The jurisdiction of courts of equity in Pennsylvania is special, and limited within narrow bounds: Brightly's Eq. Juris. § 25; Id. 242, § 283; Cochran *v.* Eldridge, 13 Wright 365; Hagner *v.* Heyberger, 7 W. & S. 104; Commonwealth *v.* Rush, 2 Harris 193; Gilder *v.* Merwin, 6 Wh. 522.

A court of general equity jurisdiction could not grant the relief prayed for by the appellant: The Insurance Co. *v.* Hodgson, 7 Cranch 332; Bolton *v.* Scott, 2 Green 231; Dodge *v.* Strong, 2 Johns. Ch. R. 288; Smith *v.* Lowry, 1 Johns. Ch. R. 320; French *v.* Garner, 7 Porter 549; Veech *v.* Pennebacker, 2 Bibb 326; Campbell *v.* Morrison, 7 Paige 157; Moffit *v.* White, 1 Littell 324; Thomas *v.* Hearn, 2 Porter 262; Andrews *v.* Fenter, 1 Ark. 186; Lansing *v.* Eddy, 1 Johns. Ch. R. 49.

The general rule is that a court of equity will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant below was ignorant of the fact in question pending the suit, or it could not be received as a defence. If a party will suffer judgment to pass against him by neglect he cannot have relief here for a matter of which he might have availed himself at law: Royster *v.* Watson, 3 Porter, 436; Jones *v.* Kirksey, 10 Ala. 579; Mallory *v.* Matlock, Id. 595; Barrows *v.* Doty, 1 Harrington Ch. R. 1; Wright *v.* King, 1 Harrison Ch. R. 12; Shelton *v.* Gill, 11 Ohio 417; Bateman *v.* Willoe, 1 Schoales and Lefroy 201; Baker *v.* Elkins, 1 Johns. Ch. R. 465; Standard *v.* Rogers, 4 Hen. and Munf. 437; Robinson *v.* Galbraith, 4 Bibb 184; Truly *v.* Nicholson, 4 How. 141; Gray *v.* Faris, 7 Yerger 155; Harrison *v.* Harrison, 1 Litt. 140; Smith *v.* McIver, 9 Wheat. 532; Cunningham *v.* Caldwell, Hardin 123; Perrine *v.* Striker, 7 Paige 598; Penny *v.* Martin, 4 Johns. Ch. R. 566; Moore *v.* Dial, 3 Stewart 155; Dugan *v.* Cureton, 1 Ark. 31; Duncan *v.* Lyon, 3 Johns. Ch. R. 356; Watson *v.* Palmer, 5 Ark. 501; McGough *v.* The Insurance Bank, 2 Kelly 151; Brown *v.* Swan, 10 Peters 497; Thompson *v.* Berry, 3 Johns. Ch. R. 395; Kinney *v.* Ogden, 2 Green Ch. R. 168; Hill *v.* McNeill, 8 Porter 432; McGrew *v.* The Tombeckbee Bank, 8 Porter 547; Faulkner *v.* Harwood, 6 Randolph 125; Norton *v.* Woods, 22 Wend.; Anderson *v.* Roberts, 18 Johns. 515; Orcutt *v.* Orms, 3 Paige 459; Dilly *v.* Barnard, 8 Gill & J. 170; Vilas *v.* Jones, 1 Comst. 274; Green *v.* Robinson, 5 How. 80; Houston *v.* Royston, 1 Smedes & M.; Thomas *v.* Phillips, Id. 358; Williams *v.* Jones, 10 Id. 108; Garden *v.* Harden,

7 Leigh 157 ; Benty v. Dillard, 1 English 79 ; Dickson v. Rich-ardson, 16 Ark. 114 ; Minor v. Stone, 1 Louisiana Ann. R. 283.

The opinion of the court was delivered, March 4th 1867, by

STRONG, J.—The bill in this case is for relief against judgment and execution in a court of law, and for discovery in aid of the relief sought. To the discovery asked for the defendant demurs, and assigns, for the reasons or grounds, that the judgments are *res adjudicata* at law, and are subject to judicial investigation and determination in another court. The demurrer is addressed not to the bill generally, nor to the relief, but exclusively to so much of the bill as seeks discovery. Such being its character, it should not have been sustained in the court below. A defendant cannot be allowed to demur to the discovery alone when the bill is for relief, and discovery as incidental to it except for special reasons, all of which have no relation to the equity of the bill. If the discovery sought may subject the defendant to a penalty, or if it is immaterial or impertinent to the suit, or if it involves a breach of confidence which the law holds inviolate, or if the matter sought to be discovered appertains exclusively to the defendant's title, he may demur to the discovery alone. But when the bill is for relief and for discovery in aid thereof, a demurrer to the latter for reasons that deny the whole equity of the bill, is but a demurrer to the instrumentality by which relief is sought to be obtained.

Upon this subject the authorities are very numerous, and all to the same effect: Daniels' Ch. Prac. 605 ; Story's Eq. Plead., § 312, and notes 441 and 546 ; Mitford's Eq. Plead. 184 ; Brightly's Eq. Jur., § 616 ; so also in Brownell v. Curtis, 10 Paige 210, it was ruled by Chancellor Walworth that when the principle upon which the demurrer to the discovery of the truth of the allegations contained in the complainant's bill is equally applica-ble as a defence to the relief sought by the bill, the defendant cannot demur to the discovery only, and answer as to the relief. Such is the precise condition of this case. If the reasons assigned for the demurrer are sufficient to protect the defendant against making the discovery sought, they are equally available as a defence against the relief for which the bill prays, or any relief.

The only doubt in regard to this rule of pleading is one which might possibly grow out of our 35th rule of equity practice, which is as follows : " No demurrer or plea shall be held bad or overruled upon argument, only because such demurrer or plea shall not cover so much of the bill as it might by law have extended to, or because the answer of the defendant may extend to some part of the same matter as may be covered by such demurrer or plea." But that this rule does not enable a defend-

HARVARD LAW SCHOOL LIBRARY

[Wistar *v.* McManes.]

ant to demur to the discovery alone, when it is sought as a means to prove the facts essential to a plaintiff's case, was determined substantially by Sir L. J. Knight Bruce, in Dell *v.* Hall, 2 Younge & Collyer 1. Our rule is the same as the 36th English order of August 1841, under which it was ruled in 1842, by Vice-Chancellor Bruce, that a demurrer to discovery for a cause which amounted to a defence against the relief could not be sustained.

On the argument of this case it was insisted that the demurrer here is not to the discovery, but to the jurisdiction of the court. This is a plain mistake. It is specifically confined to " so much and such parts of the bill as seek that the defendants may answer and set forth" certain facts respecting which he is interrogated in the interrogatories, and to the remainder of the bill the defendants answered.

The reasons assigned for the demurrer are not to be confounded with the demurrer itself.

Unless, therefore, we are to disregard a well-settled rule of equity pleading, we must hold that the court erred in sustaining the defendant's demurrer. And still more. Even if the plaintiff was rightfully denied the discovery which he sought, it was no ground for dismissing the bill. The plaintiff might have made out his case without the discovery. The only order which the court could make in passing judgment upon the demurrer to the discovery was that the defendant need not answer the interrogatories to which he demurred. He sought nothing beyond this. To the remainder of the bill he put in an answer, by which, and by which alone, he sought to protect himself against the relief sought.

This is sufficient to dispose of this appeal. But the same result must be reached if we look beyond the rules of pleading and examine the grounds assigned for the demurrer. They are not a defence against either the discovery or the relief. The judgments which are alleged to cover usurious interest the defendant caused to be entered upon warrants of attorney accompanying the notes. The plaintiff never had an opportunity of defence. True, he applied afterwards to the courts in which the judgments were entered to open them and let him into a defence, and his application was unsuccessful. But this does not exhibit such an adjudication of the equities between the parties as to bar a resort to a court of equity for relief. The utmost limit to which the cases have gone in denying to a plaintiff relief because of a prior adjudication in a court of law, extends no farther than to cases where he has had a trial, or an opportunity for a trial, in which he might have availed himself of his equities. But what opportunity has this plaintiff ever enjoyed to defend himself against the defendant's claim for usurious interest? The judgments were obtained without trial. The plaintiff made no default, for he was never

[Wistar v. McManes.]

summoned.   True, after the judgments were entered he made an application to the discretion of the court for an opportunity of making his defence, and it was denied.  But that was not an adjudication against his defence.  It was only a determination of something preliminary.  It was at most a denial to him of the privilege of making use of his equity.  Moreover, the summary determination of a question raised by a motion in a court of law, is not a bar to a bill in equity, if the question be an equitable one, though it be decided that there is no equity.   Set-off of one judgment against another is strictly a right in equity alone. Courts of law may, however, direct it.   In Simpson v. Hart, 14 Johns. 63, where there had been a motion in a court of law to allow a set-off of one judgment against another, and the court had refused it after full consideration of all the facts and all the equities, the Court of Appeals in New York sustained a bill for an injunction, and ordered that the set-off be decreed.   The doctrine was laid down that the decision of a court of law upon a summary application to its equity is not such a *res judicata* as to preclude chancery from examining the question.   So in Fanning v. Dunham, 5 Johns. Ch. 122, where a lender at usurious interest had proceeded at law, and recovered judgment on a bond and warrant of attorney, a bill for the relief of the borrower was entertained, though the court of law had granted a feigned issue to try whether there was usury, which had resulted in establishing its existence, and the court had afterwards rescinded the order granting the issue, had set aside all proceedings under it, and had allowed an execution to issue on the judgment.   To the same effect is Arden v. Patterson, 5 Johns. Ch. 44.   And such I understand to be the doctrine of the English courts of equity : Bromley v. Holland, 7 Ves. 3.   Indeed, I know of no case of recognised authority in which it has been held that the decision of a court of law on a motion to open a judgment and let the defendants into an equitable defence, which would have been available before judgment, is a bar to a bill in equity for relief against the judgment.   None such were cited in the elaborate argument of the defendant in error.   And there is every reason why such a decision should not preclude a resort to a court of equity.   Opening a judgment in a court of law is always *ex gratia*.   Restraining a plaintiff from proceeding upon it, if the defendant has an equitable defence, and has not been guilty of laches by failing to set it up when he had an opportunity, is demandable of right.

There are very many cases in which injunctions against proceeding upon judgments obtained at law have been denied, even where the defendant had a complete defence resting upon equitable principles, and such as must have been allowed had it been set up before judgment, but they are all cases in which it appeared that the complainant had slipped his time.   He had either neglected to

[Wistar *v.* McManes.]

make the defence on the trial or had failed to appear and suffered judgment to go by default. Such is not this case. The bill reveals no laches on the part of the complainant. He has done everything which it was in his power to do. He was not entitled to a bill of discovery on his motion to open the judgment. That was not a suit at law. The judgments were upon warrants of attorney, and he had no day in court. The summary disposition of his motion for a day is not, therefore, an adjudication of the matters averred in his bill.

It is argued, however, that the plaintiff might have taken defence in the attachment execution. And so he might had he not been precluded by the judgment. So long as they remained they stood in the way of his setting up the equity exhibited in his bill, and this being so he had then no opportunity in those attachments to avail himself of the matter of which he now complains.

Nor had he in the Common Pleas on the distribution of the fund in the hands of McIntyre, his trustee. In that distribution those judgments concluded him. No doubt an issue might have been awarded to try how much had been paid upon them, if anything, or whether they were fraudulent as to creditors, but as against the complainant they established an indebtedness, and he could not on the trial of the issue have been permitted to show that they were recovered on usurious contracts.

Were we then to hold that defendant may demur to the discovery alone when a bill is for relief and discovery only as incidental to relief, and demur for causes that show the plaintiff entitled to no relief, it would not help the defendant here, because the bill shows no adjudication of the matter in controversy in another tribunal, nor does it show that the matter complained of is pending in another court of equity or of concurrent jurisdiction.

We do not now enter upon the inquiry whether in this state injunctions may be granted to restrain a party from proceeding at law. The demurrer raises no such question, though it was considerably argued. We content ourselves now with the single remark that our more modern decisions do not recognise the doctrine asserted by Judge Sergeant at Nisi Prius, 7 W. & S. 104, that our courts are powerless to restrain acts contrary to equity.

The decree of the District Court is reversed, the demurrer of the defendant below is overruled, and he is ordered to answer the interrogatories.

THOMPSON, J.—I concur in this opinion so far as the practice is concerned, but think the bill ought to be dismissed for want of jurisdiction in the particular case.