## McHenry, Appellant, *v.* Finletter.

*Auditors—Fees—Exceptions to report—Res adjudicata.*

Where the auditor of the account of a receiver fixes his own fee in his report and no exception is filed to his fee within ten days after notice as required by the rule of court, and thereafter the court refuses an application to file exceptions nunc pro tunc, the matter of the fee is res adjudicata, and cannot be raised in a subsequent equity suit against the auditor and the receiver, to prevent the former from receiving and the latter from paying an amount in excess of the statutory fee per day for the number of days occupied by the auditor.

Argued Oct. 6, 1903.   Appeal, No. 245, Oct. T., 1902, by plaintiffs, from decree of C. P. No. 1, Phila. Co., Sept. T., 1897, No. 733, dismissing bill in equity in case of James O. Mc-Henry, trading as A. R. McHenry & Company and Louis Ritz & Company, v. Robert W. Finletter, Receiver of the Acetylene Heat, Light & Power Company, and Francis Shunk Brown.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Bill in equity to restrain the payment of an auditor's fee.

From the record it appeared that Francis Shunk Brown was appointed auditor of the account of Robert W. Finletter, receiver of the Acetylene Heat, Light & Power Company.   The auditor in his report fixed his fee at $1000.   The auditor duly notified the parties in interest that his report would be filed January 17, 1902.   No exceptions were filed to his fee within the ten days allowed by the rule of court.   Subsequently an application for leave to file exceptions nunc pro tunc was dismissed by the court.

The prayers of the bill were as follows :

1. The auditor be required to show how many days he was occupied in his duty.

2. That he be enjoined from receiving any more than $270 for his services.

3. That the receiver be enjoined from paying any more.

On demurrer the bill was dismissed.

*Error assigned* was the decree of the court.

*James W. M. Newlin* for appellant.

*Alex. Simpson, Jr.*, for appellee.

OPINION BY HENDERSON, J., December 19, 1903:

The appellants are creditors of the Acetylene Heat, Light and Power Company, of which Robert W. Finletter is receiver. Francis Shunk Brown was appointed auditor of the first account filed by the receiver.   The appellants were represented before the auditor on the question of distribution and proved their claims.

Section 5 of rule 9 of the rules of court provides as follows: "No exception to the report of an auditor shall be received unless the party excepting thereto has filed the exception with the auditor by whom the report has been made, who shall, on such exception being filed, re-examine the subject and amend his report if, in his opinion, the exceptions are in whole or in part well founded; and, in order to give all parties in interest an opportunity of entering exceptions, the auditor shall not file his report until ten days after he has notified the parties of his intention so to do, on a day designated, and giving them an opportunity of having access to such report."

It appears from the bill that the appellants were regularly notified by the auditor that his report would be filed January 17, 1902. The appellants afterward, within ten days allowed by the rule of court, objected to some of the conclusions of the auditor, but no exception was filed to his fee.

It seems clear that the notice of appellant's counsel to the receiver that he would apply to the court to have the fees of the auditor taxed in accordance with the provisions of the act of 1879 was not an exception to the auditor's report filed in conformity with the rule of court, nor was the copy of that letter addressed to the auditor. The complainants apparently so understood it, as they afterwards applied to the court for leave to file formal exceptions. The omission by appellants to file exceptions within the time fixed by the rule was a waiver of the right to except, and without leave of the court so to file, they had no standing to contest the allowance of fees. Having had notice of the action of the auditor and an opportunity to be heard in accordance with the practice prescribed in such cases, they had their day in court, and are not now entitled to be heard on a bill in equity involving the very question which they might have raised in the appropriate proceeding. It would be productive of great embarrassment, vexation and delay to permit litigants to raise in another form of proceeding the very question upon which they were heard, or had an opportunity to be heard, in the proceeding out of which the question arose. After notice from the auditor, it was the duty of the appellants to file exceptions to such of his conclusions as they objected to. That which was not properly excepted to is presumed to have been unobjectionable.

The application for leave to file exceptions was an appeal to the equitable power of the court, and having been heard and determined by the court, the question is res adjudicata. The parties are the same, the subject is the same, the court had jurisdiction of the parties and subject, and the determination of the court must be considered conclusive unless appealed from : Gordinier's Appeal, 89 Pa. 528; Frauenthal's Appeal, 100 Pa. 290; Wilson v. Buchanan, 170 Pa. 14.

This consideration of the case makes it unnecessary to discuss the question whether the Act of June 4, 1879, P. L. 84, repeals the local act of April 14, 1870, P. L. 1158, relating to the fees of auditors.

The decree is affirmed and the appeal dismissed at the cost of appellant.