## Moyer *against* The Germantown Railroad Company.

The reasons of the court below, or depositions there read, on a rule to show cause why an execution should not be set aside, on the ground that a conditional verdict rendered in the case had been complied with, cannot be inquired into by this court on a writ of error.

WRIT OF ERROR to the District Court for the city and county of *Philadelphia,* in which George Moyer and Joseph Robinson brought this action on the case against the Philadelphia, Germantown & Norristown Railroad Company. On the 8th of May 1839, the case was tried by a jury, who returned a verdict in which they say, " they find for the plaintiffs, and assess damages in the sum of $7000; and further, they do award that the defendants be required to make their railroad in the middle of the street called Cresson street, in the village of Manayunk; the said railroad to be at least one foot below the top of the sills of the doors of the plaintiffs' Cresson street houses; and further, that the defendants be required to take up and remove their railroad as now constructed and laid in said Cresson street. Upon the performance of which several requisitions, on or before the 1st of October 1839, from this day the assessment of damages aforementioned shall be remitted, except the sum of $300."

*Fieri facias exit.*

February 22d, 1840. Rule by defendant to set aside execution (proceedings to stay in mean time).

May 16th, 1840. Defendant's motion why judgment on the verdict in this case should not be entered for the sum of $300, the defendant having complied with the terms of the conditional verdict.

June 18th, 1840. Rule absolute, to set aside execution.

June 20th, 1840. Plaintiffs' motion why execution should not issue for $7000, with interest from October 1839.

June 24th, 1840. Rule discharged.

June 25th, 1840. Plaintiffs' motion why judgment should not be entered for $7000, with interest.

June 27th, 1840. Judgment and opinion of court filed, as follows:

*Moyer* v. *Philadelphia, Germantown and Norristown Railroad Company,* s. 35, 89. June 27th, 1840. It appearing to the court that after the verdict, and before the 1st day of October 1839, the defendants had in good faith made an effort to comply with the verdict, and had, with the knowledge of the plaintiff, actually

[Moyer v. The Germantown Railroad Company.]

done what they in good faith believed to be a substantial compliance therewith; and that the defendants have since the said 1st day of October 1839, and before the plaintiff moved the court for judgment on the verdict, fully complied with the said verdict, it is considered and adjudged, that the rule for judgment for $7000 be discharged; and that judgment be entered on the verdict for the plaintiff, for the sum of $300, with interest from the 8th of May 1839.

Annexed to the record brought up, were the affidavit on which the rule to show cause why the execution should not be set aside, was granted, and several depositions read in the court below on the hearing of the rule to show cause.

The case was argued by
*E. Ingersoll* and *C. Ingersoll*, for the plaintiff in error; and *Williams* and *Miles, contra.*

The opinion of the Court was delivered by
SERGEANT, J.—A verdict in the alternative would be erroneous. But there are many instances, under our practice, in which a cautionary verdict is allowed; as when the verdict is rendered for the plaintiff in ejectment, or for a penal sum in actions for damages, to be enforced, unless the defendant pay a sum of money or does certain things specified. Here the verdict was within the latter description, for $7000, to be released, except $300 thereof, on the defendants making their railroad in the middle of the street, at a specified depth, and taking up the existing railroad. The verdict, therefore, seems unobjectionable in form. But who is to judge whether the defendants have complied with the terms imposed by the verdict, and to mould the judgment accordingly? The court only can do this, in the exercise of a power over the process on summary application or motion, in which they are, for the most part, obliged to decide on affidavits and depositions whether the terms have been fulfilled or not: and these constitute no part of the record on which a writ of error lies to this court, nor do the reasons given by the court below. As this court, then, cannot look into the depositions taken, or the reasons of the court in order to ascertain whether the court below did right or not in rendering judgment, it is impossible for us to settle that dispute: and like the granting of a new trial, it is a matter which must rest in the sound discretion of the court below. The form of the judgment may be wrong, in rendering it for $300, instead of entering it for $7000, with a release of all but $300; but, substantially, the effect is the same. We are of opinion that the judgment be affirmed.

Judgment affirmed.