# Gordonier *versus* Billings.

1. In an ejectment the defence was equitable arising from a parol exchange of land, the verdict was for the plaintiff, " to be taken off and entered for.defendant," if he filed a deed for the land claimed, and paid the costs on or before April 1st, the plaintiff to file a deed for defendant's land, before he should receive the other title. The defendant not having filed his deed, &c., the plaintiff on the 2d of April issued an habere. A rule was granted to set the habere aside ; the rule was discharged. *Held,* that the Supreme Court could not review the decision.

2. In such conditional verdict time is of the essence of the contract.

3. *Quære.* Whether when the delay has been occasioned by unavoidable accident or misfortune, and not through the party's supineness or neglect, equity will not relieve.

4. The time named is not so absolute that it cannot be varied by the power of the court.

5. The defendant has a remedy by *audita querela* to obtain a decision as to his rights if his defence to the execution be legal : a writ of error lies to a judgment in such proceeding.

6. If the ground of defence be purely equitable, such as would entitle him to an injunction, upon bill filed and proceedings thereon, an appeal would lie to the Supreme Court. ,

7. Chew *v.* Phillippi, 8 Casey 205 ; Creigh *v.* Shatto, 9 W. & S. 584, referred to.

March 9th 1875.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Wyoming county :* Of January Term 1874, No. 3.

This was an action of ejectment, commenced November 22d 1870, by I. W. Billings against Andrew Gordonier, for a lot of land in Nicholson township. The legal title was in the plaintiff. The

defence was, that Ezra Colvin was the owner of a lot of land near the plaintiff's house, and some time in 1868, he entered into a parol contract with the plaintiff, to exchange his (Colvin's) lot for the land in dispute; in addition, Colvin was to procure a deed to be made to the plaintiff by I. S. Little, for a small piece of land over which a building of the plaintiff had been erected.   That in pursuance of the contract, the plaintiff took possession of Colvin's lot, and Colvin took possession of the land in dispute and made valuable improvements.   Judgments having been recovered against Colvin, executions were issued upon them, and the land in dispute sold by the sheriff to John Wilson, who afterwards sold and conveyed it to the defendant.

Evidence was given in support of the defence, and the defendant submitted points on which he asked the court to charge.   The view taken of the case by the Supreme Court, renders it unnecessary to give them.

Under the charge of the court, the jury, on the 31st of January 1873, found the following verdict:

" The jury find for the plaintiff the land described in the writ in this case, to be taken off and entered for the defendant, upon condition that the defendant file in the office of the prothonotary, on or before April 1st 1873, a title to the plaintiff for all the following described lot or piece of land, situate in the village of Nicholson, county of Wyoming, and state of Pennsylvania, bounded as follows, to wit: Beginning, &c.  * * *  And thence easterly along the north line of said Billings' land, and including all lands in dispute under said Billings' drug store, to the place of beginning; and that before the plaintiff shall take or receive said title, he shall file in the prothonotary's office, a title to the defendant for all lands described in said writ.

"Defendant to pay the costs by the 1st of April 1873."

On the 2d of April 1873, the plaintiff paid the verdict-fee into the prothonotary's office, and judgment was entered on the verdict. On the same day, plaintiff issued a habere facias possessionem with fi. fa. for costs.

On the 3d of April, defendant made an affidavit setting out that the plaintiff had issued the habere without having filed the sheriff's receipt for the verdict-fee; that the plaintiff had not filed in the prothonotary's office the deed to the defendant, as required by the verdict; that on the 2d of April, the defendant filed his deeds in the office of the prothonotary, and " on this day has paid to prothonotary, all the costs in the suit."   He asked that the writ should be stayed, and a rule awarded to show cause why the plaintiff should not be required to file his deed as required by the verdict, and that the writ be set aside, having been issued without payment of the jury-fee.

[Gordonier *v.* Billings.]

Upon this affidavit, Judge Gearhart, associate judge, ordered the execution to be stayed until the first day of the next term.

On the 21st of April, the court granted a rule to show cause why the writ should not be stricken off.

On the 29th of April, the defendant made an affidavit that in pursuance of the verdict, he immediately procured a title for the land from I. S. Little and wife, and caused a deed for the same to be made to I. W. Billings, which was executed by defendant and wife, and sent to defendant's attorney at Tunkhannock, some days before the 1st of April; on the 31st of March, he procured a draft on New York, payable to his order, for the costs, but he, before sending to his attorney, forgot to endorse it; it was returned to defendant to be endorsed; he did not receive it till the 2d of April, and immediately started with it to Tunkhannock; it was his intention to comply with the verdict of the jury, but the delay was caused by the failure to endorse the draft, as he supposed the costs should be paid when the deed was filed.

On this affidavit, on May 3d 1873, court grant a rule returnable at the Argument Court, in June, to show cause why the plaintiff shall not be enjoined from issuing a writ of habere facias, the defendant alleging he has substantially complied with the verdict.

The record showed that the costs were paid by the defendant to the prothonotary on the 3d of April 1873, and that they were taken out and receipted for by the plaintiff and his attorney.

A number of depositions were taken by the defendant, which, with other matters, were given in evidence at the hearing of the rule.

On the 23d of August 1873, the Court of Common Pleas (Elwell, P. J.) discharged the rule, he saying, amongst other things:

" The plaintiff had the legal title to the land in question. The defendant wished the aid of equity. The condition attached to the verdict was the aid which it offered. The time fixed was of the essence of the finding of the jury, and the failure to perform within the time so fixed is, according to the Act of 1846, conclusive between the parties. * * * The depositions on file show preparation on the part of the defendant to comply with the verdict; but as he was not prevented by any legal proceedings, nor by any act or consent of the plaintiff, from complying, while we regret that his failure imposes upon him serious loss, we are constrained, by reason of want of power, to release him from its consequences. But we will further stay proceedings in order to give time for a writ of error."

The defendant took a writ of error, and assigned six errors.

The fourth and fifth were that the court erred in not restraining the plaintiff from issuing a writ of habere facias, and not set-

[Gordonier v. Billings.]

ting it aside because judgment was entered before the jury-fee was paid to the sheriff.

The other assignments related to the trial, &c.

*H. W. Patrick* and *E. Smith*, for plaintiff in error.—The rule of court provides that no judgment shall be entered on a verdict until the verdict-fee be paid to the sheriff. Defendant was not bound to pay the costs until judgment was legally entered; and having filed his deed and paid the costs before that was done, he complied with the verdict: Harmar *v.* Holton, 1 Casey 249; Ferguson *v.* Staver, 4 Wright 216; Amick *v.* Oyler, 1 Casey 508.

*McCollum* and *R. R. Little*, for defendant in error. — The decision of the court on the rule to set aside the habere is not reviewable on error: Moyer *v.* Germantown Railroad, 3 W. & S. 92. The time fixed by the jury in a conditional verdict is conclusive : Treaster *v.* Fleisher, 7 W. & S. 139; Chew *v.* Phillippi, 8 Casey 206; Hewitt *v.* Huling, 1 Jones 35; Gable *v.* Hain, 1 Penna. R. 264; Brown *v.* Nickle, 8 Barr 391.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 10th 1875.

We discover no error in the rulings of the learned court on the trial below, and the judgment must therefore be affirmed.

It was an action of ejectment founded on the legal title of the plaintiff below, to which the defence set up was an equity growing out of a parol exchange of land, followed by an exchange of possession and valuable improvements, which were held sufficient to take the case out of the operation of the Statute of Frauds and Perjuries. The jury found a conditional verdict, establishing the defendant's equity and fixing a certain day on or before which the parties respectively were to file a deed, and the defendant to pay the costs.

This then, was in effect, a bill in equity by the defendant to restrain the plaintiff from proceeding at law, and a decree thereon in the defendant's favor. The defendant not having complied with the conditions named, the plaintiff issued a *habere facias posssessionem.*

The defendant took a rule to set aside this writ, under which depositions were taken, which have been returned with this record. The court below discharged the rule.

The question which is presented is, whether upon a writ of error this court have the right to review the determination of the court upon the motion to set aside the execution. This has been settled by an uniform current of decisions in this court adversely to the plaintiff in error. Even before the Acts of Assembly conferring separate equity jurisdiction upon the courts, the determinations of the lower courts upon motion for summary relief on purely equi-

table grounds were considered as matters of discretion not subject to review. As in Shortz *v.* Quigley, 1 Binn. 222, where there was a motion to open a judgment on bond and warrant of attorney, given for the purchase-money of land, on the ground of a defect of title, and the court below rejected the defendant's testimony and refused his motion, it was held that no bill of exceptions lay, though one had been tendered and sealed. So in Righter *v.* Rittenhouse, 3 Rawle 273, when the regularity of an execution depends upon matter of fact *de hors* the record, it was said by Mr. Justice Kennedy, "whether the court below decided the law correctly or not in relation to this matter, must depend upon how they found the facts involved in it; and how is it possible for this court to review the decision of the court below as to the facts? It appears to me that it cannot be done, because that court is deemed in law to be as competent to ascertain and decide upon the facts in such a case as this:" In Moyer *v.* The Germantown Railroad Co., 3 W. & S. 91, which was an action of covenant (though erroneously stated in the report to have been an action an the case), there was a conditional verdict, requiring the defendants to do certain things before a day named, the court below had set aside the execution as it appeared by their order, on the ground that the defendants had, before the day named, in good faith made an effort to comply with the verdict, and had, with the knowledge of the plaintiff, actually done what they in good faith believed to be a substantial compliance therewith. "Who," says Mr. Justice Sergeant, "is to judge whether the defendants have complied with the terms imposed by the verdict and to mould the judgment accordingly? The court only can do this, in the exercise of a power over the process on summary application on motion, in which they are for the most part obliged to decide on affidavits and depositions, whether the terms have been fulfilled or not; and these constitute no part of the record on which a writ of error lies to this court, nor do the reasons given by the court below. As this court cannot look into the depositions taken, or the reasons of the court, in order to ascertain whether the court below did right or not in rendering judgment, it is impossible for us to settle that dispute; and like the granting of a new trial, it is a matter which must rest in the sound discretion of the court below."

Nor is the defendant in the position of the plaintiff in error, without a form of remedy, which will enable him regularly to obtain the decision of the court of the last resort. If his defence to the execution be legal, such as payment, release, or as we have lately held, bankruptcy, his proper remedy is by audita querela: Witherow *v.* Keller, 11 S. & R. 271; Keen *v.* Vaughan's Executrix, 12 Wright 477. To the judgment upon this writ, error lies. But if the ground of his defence be purely equitable, and such as would entitle him to an injunction in a Court of Chancery, then upon

bill filed, and proceedings thereon, he will be entitled to an appeal to the Supreme Court. Thus, in Springer's Adm. v. Springer, 7 Wright 518, where the court below had made a decree of subrogation, it was held that it could not be reviewed by a writ of error. "A writ of error," says Mr. Justice Lowrie, "cannot, without a change of its nature, become an adequate form of review of equitable remedies, because it brings up only what is properly record, in order to assign error in that, and never brings up the evidence, except by bill of exceptions, which is a form not practised in equity. It is by appeal that equity remedies are reviewed in a higher court, and that brings up the whole case, and not merely the record of it."

It is very clear, then, that upon a writ of error we cannot review the order of the court below upon the motion to set aside the execution. The habere facias possessionem was regular upon its face. The time limited in the verdict had expired, and the record showed no compliance by the defendant with its terms. We give no opinion upon the merits of the case. It is settled beyond a question, that in such a conditional verdict, time is of the essence of the decree: Gable v. Hain, 1 Penna. Rep. 264; Treaster v. Fleisher, 7 W. & S. 137; Creigh v. Shatto, 9 Id. 84; Hewitt v. Huling, 1 Jones 35; Chew v. Phillippi, 8 Casey 205. But admitting this proposition to the fullest extent, it by no means follows that a court of equity cannot relieve in a plain case of accident or mistake.

Every one of the cases cited above go upon the mere fact that the time had expired through the supineness or neglect of the party, or at most his inability to comply. No one of them has gone the length of holding, that if the delay has been occasioned by unavoidable accident or misfortune, the party shall not be relieved, even though time is of the essence of the contract or decree: Adams on Equity 89. That the time named is not so absolute, that it cannot be varied by the power of the court, is shown by Creigh v. Shatto, supra, where it was said that in case a writ of error is sued out, and the time expires before it is disposed of by the Supreme Court, this court, in affirming the judgment, will give further time for compliance with the conditions of the verdict. Nor does the Act of 21st April 1846, Pamph. L. 424, stand in the way, for that act was held in Chew v. Phillippi, supra, to be only declaratory of the existing law upon the subject. We pronounce no opinion upon the question, whether the plaintiff in error by his depositions laid any sufficient ground for equitable relief.

Judgment affirmed.