## Lebanon Mutual Ins. Co., Appt., *v.* John Erb et al.

Order dissolving preliminary injunction restraining collection of a judg-
*ment affirmed, on the facts, because the reasons alleged in the bill why col-
lection would be inequitable were denied by the answer.

(Decided November 2, 1885.)

Appeal from a decree of the Common Pleas of Centre County, in equity, dissolving a preliminary injunction. Affirmed.

The facts are sufficiently stated in the opinion below, which was as follows:

---

NOTE.—A preliminary injunction will not be granted where the complainant's claim is doubtful; or where the answer denies the charges made. Crombie v. Order of Solon, 157 Pa. 588, 27 Atl. 710; Eshleman v. Maxim Electric Light & P. Co. 1 Lanc. L. Rev. 26; New Era Life Asso.'s Appeal (Pa.) 2 Atl. 59.

As to injunction against the enforcement of judgments in general, see the following editorial notes containing a full presentation of the authorities on their respective subjects:

General equitable jurisdiction in regard to injunctions against judgments, note to Jarrett v. Goodnow, 32 L. R. A. 321; against judgments for want of jurisdiction or on the ground of their invalidity, note to Texas-Mexican R. Co. v. Wright, 31 L. R. A. 200; against judgments for defenses existing prior to their rendition, note to Norwegian Plow Co. v. Bollman, 31 L. R. A. 747; against judgments for matters arising subsequently to their rendition, note to Little Rock & Ft. S. R. Co. v. Wells, 30 L. R. A. 560; against judgments for errors and irregularities, note to Gum-Elastic Roofing Co. v. Mexico Pub. Co. 30 L. R. A. 700;-against judgments obtained by fraud, accident, mistake, surprise, and duress, note to Merriman v. Walton, 30 L. R. A. 786; negligence as a cause, and as a bar, against judgment, note to Payton v. McQuown, 31 L. R. A. 33; enjoining judgments against, or in favor of, sureties, note to Michener v. Springfield Engine & Thresher Co. 31 L. R. A. 59; against judgments entered on confession, note to John V. Farwell Co. v. Hilbert, 30 L. R. A. 235; against judgments in garnishment proceedings, note to Griggs v. Docter, 30 L. R. A. 360.

Opinion below: The application of the complainant in this bill is to restrain the collection of judgment entered to No. 98, November term, 1882, in favor of John Erb and against the Lebanon Mutual Insurance Company.

As appears from the contents of complainant's bill, John Erb on October 18, 1882, instituted an action of covenant on a policy of insurance issued by the complainant in this bill to the said John Erb. Due and legal service was made upon the Lebanon Mutual Insurance Company, and it, by counsel regularly employed for that purpose, entered of record an appearance and plea in said suit. The suit thus begun came on for trial on February 7, 1884, before Krebs, P. J., of the 46th district, in special court, and was tried before jury, and a verdict rendered in favor of the plaintiff, John Erb, in the sum of $1,090; and subsequently a writ of error taken to the supreme court on February 16, 1885, was *non prossed* and the record remitted, and *testatum fieri facias* issued to Lebanon county, Pennsylvania, to Frank B. Boeshore, high sheriff, commanding him to execute the same.

The grounds of this application for an injunction to restrain him from proceedings are that the defendant, John Erb, set fire to and burnt the building insured, with intent to defraud the insurance company, and that at the time of the trial they had no knowledge of this alleged fact; and, secondly, that he testified falsely as to the ownership of the property insured at the time of the trial, and that, by reason of these two alleged acts on his part, he committed a fraud upon the complainant, and that it is against conscience to permit the plaintiff in that judgment to collect the same for these reasons. There is no hard, unbending rule which limits the equitable power of the court to interfere with, and stay by injunction, the collection of a judgment. But whether or not the court shall do so depends upon the clear and undoubted proof of facts which would render the collection of the judgment unconscionable and inequitable, and the additional reason that the defendant in the judgment has had no opportunity to show the same or, in other words, has not had "a day in court." Where a defendant in an execution has had a trial and has failed to make a defense which he might have made under the pleadings in the cause, he cannot, after judgment duly entered, seek relief by an injunction staying the collection thereof, unless it clearly appears that he was prevented

by the action of the plaintiff in the judgment from making the defense which would have produced a different result if it had been made at the trial, or, at least, ought to have produced a different result. The ignorance of the defendant will afford no relief, if that ignorance resulted from neglect in not taking proper steps to obtain information. The true rule, we believe, is that a judgment will not be restrained by injunction where steps have been omitted which ought to have been taken, or where ignorance is mixed up with negligence. In support of this rule we refer to Cheyney v. Wright, 7 Phila. 431; Hetzell v. Bentz, 8 Phila. 261; Wistar v. McManes, 54 Pa. 318, 93 Am. Dec. 700. A judgment will not be enjoined, however plainly it may appear that the complainant had a good legal defense, which was not presented or considered through the oversight of counsel, or the error of the judge, or from failure on part of the defendant to collect the evidence in due season and present it in a way to be available. Duckworth v. Duckworth, 35 Ala. 70; Barker v. Elkins, 1 Johns. Ch. 466; Marine Ins. Co. v. Hodgson, 7 Cranch, 332, 3 L. ed. 362; Windwart v. Allen, 13 Md. 196; Katz v. Moore, 13 Md. 566; Hendrickson v. Hinckley, 17 How, 445, 15 L. ed. 123.

Tried by these well-established rules, how does the complainant's application stand? The separate answers filed by the defendants flatly contradict all the material averments of the complainant's bill and the evidence by the *ex parte* affidavits offered in support of the complainant's bill can at most raise a suspicion that the plaintiff in the judgment set fire to the building to defraud the complainant company. We could not consider the question of the ownership of the property, because that was fully tried by and before the jury, and it is *res judicata,* and, if we were to establish a precedent by interfering with and enjoining the collection of this judgment upon grounds of suspicion only, we would open the very floodgates of perjury.

We are unable to find sufficient evidence, in the affidavits submitted, which would justify us in granting a new trial, were there an application of that nature upon motion made after verdict and before judgment entered; and, if we would not be justified in granting a new trial, we surely are not justified in continuing the preliminary injunction; and we therefore on May 11, 1885, after due consideration had, do adjudge, order, and decree that the preliminary injunction heretofore issued on

April 16, 1885, and directed to Frank B. Boeshore, high sheriff
of Lebanon county, Pennsylvania, and to John Erb and Eliza-
beth J. Erb, of Centre county, Pennsylvania, be and is hereby
dissolved and set aside.

From the order dissolving the injunction, the complainant ap-
pealed.

*Adam Hoy,* for appellant.—The frauds practised in procuring
the insurance, etc., it is admitted, were passed upon at the trial;
and, if there were nothing more, we would not now, under the
well-established rules of law and equity, contend that we were
entitled to the relief now asked.   But the fact of John Erb's
burning the building was not known at the trial, and was not
then passed on; and for this cause alone the relief should be
granted to prevent the assured from reaping the fruits of his
crime.

That the courts have power to grant relief is text-book law.

"Injunctions are sometimes granted to stay trial; sometimes
after verdict to stay judgment; sometimes after judgment to
stay execution, etc."   2 Story, Eq. Jur. 12th ed. §§ 886, 887;
Bispham, Eq. §§ 407–409; Adams, Eq. Am. ed. 390, § 196.

Injunctions after judgment are usually called bills for a new
trial.   2 Story, Eq. Jur. §§ 887, 888.

Ignorance of important facts material to the establishment of
a defense to the action at law will, in the absence of laches on
the part of the defendant, warrant a court of equity in extend-
ing relief by injunction against the judgment.    Thus, when
defendant   before   and   at   the   time   of   recovering   judg-
ment against him was ignorant of facts which would have
constituted a valid defense at law, an injunction may be al-
lowed to restrain the judgment.   1 High, Inj. 142, § 220, and
notes; Kerr, Inj. §§ 12 *et seq.*

In Marine Ins. Co. v. Hodgson, 7 Cranch, 336, 3 L. ed. 363,
Chief Justice MARSHALL says:   "It may safely be said that
any fact which clearly proves it to be against conscience to exe-
cute a judgment, and of which the injured party could not have
availed himself in a court of law, or of which he might have
availed himself at law but was prevented by fraud or accident
unmixed with any fault or negligence in himself or his agents,
will justify an application to a court of chancery."   To like
effect are Veazie v. Williams, 8 How. 161, 12 L. ed. 1029;

Davis v. Tileston, 6 How. 114, 12 L. ed. 366; Lee v. Baird, 4 Hen. & M. 453.

In Wistar v. McManes, 54 Pa. 318, 93 Am. Dec. 700, this court granted relief, and held "that restraining a plaintiff upon it (the judgment) if there be an equitable defense and no laches is of right."

In Lyon's Appeal, 61 Pa. 15, execution of a judgment was restrained by injunction.

In Stockdale v. Ullery, 37 Pa. 486, 78 Am. Dec. 440, this court held that, in granting injunctions, courts "are not restricted to acts contrary to law, but may exercise this power to restrain acts contrary to equity also; equity being so much a part of the law of Pennsylvania as that the word 'law' often means both law and equity, or either."

*Hastings & Reeder* and *John H. Orvis,* for appellees.—A court of equity "will never be called into activity to remedy the consequence of laches or neglect, or the want of reasonable diligence. Whenever, therefore, a competent remedy or defense shall have existed at law, the party who may have neglected to use it will never be permitted, here, to supply the omission, to the encouragement of useless and expensive litigation, and, perhaps, to the subversion of justice." Creath v. Sims, 5 How. 204, 12 L. ed. 117.

A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense, of which he could not avail himself at law because it did not amount to a legal defense, or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of him or his agents. Hendrickson v. Hinckley, 17 How. 444, 15 L. ed. 123.

The defendants in the suit at law had an opportunity to make their defense there, and, having failed to make it, cannot be heard in a court of equity. By way of authority, we need only repeat, as the settled rule, what was adjudged in the case of Creath v. Sims, 5 How. 204, 12 L. ed. 117, that, whenever a competent defense shall have existed at law, the party who may have neglected to use it will never be permitted to supply the omission and set it up by bill in chancery. Walker v. Robbins, 14 How. 586, 14 L. ed. 552.

Where a defendant, in an action at law, has not used due diligence in making his defense, or in applying to this court for a discovery to assist his defense, at law, if necessary, he cannot, after a verdict against him, obtain the aid of this court to stay the proceedings at law, or to have a new trial. Barker v. Elkins, 1 Johns. Ch. 465.

Where a defendant neglects to set up matters in his defense at law either before arbitrators or a jury, he cannot afterwards make such matters the basis of a suit in equity, unless there was some accident or fraud of which the party could not avail himself at law. M'Vickar v. Wolcott, 4 Johns. 510.

The general principle with regard to injunctions after a judgment at law is this: That any fact which proves it to be against conscience to execute such judgment, and of which the party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will authorize· a court of equity to interfere by injunction to restrain the adverse party from availing himself of such judgment. Truly v. Wanzer, 5 How. 141, 12 L. ed. 88.

The rule is that a judgment will not be restrained by injunction where steps have been omitted which ought to have been taken, or where ignorance is mixed up with negligence. Cheyney v. Wright, 7 Phila. 431; Hetzell v. Bentz, 8 Phila. 261; Wistar v. McManes, 54 Pa. 318, 93 Am. Dec. 700.

A judgment will not be enjoined, however plainly it may appear that complainant had a good legal defense, which was not presented or considered, through the oversight of counsel, or the error of the judge, or from failure on the part of the defendant to collect the evidence in due season and present it in a way to be available. Duckworth v. Duckworth, 35 Ala. 70; Marine Ins. Co. v. Hodgson, 7 Cranch, 332, 3 L. ed. 362, cited also by appellant; Windwart v. Allen, 13 Md. 196; Katz v. Moore, 13 Md. 566.

The rule is inflexible as regards every point that was, or might have been, presented at the trial, and will not yield the clearest proof that the judgment is wrong in law or in fact, or that the effect of allowing it to stand will be to make a party liable for the debt he never owed, or which was discharged before action brought. Hinrichsen v. Van Winkle, 27 Ill. 334; Ven-

num v. Davis, 35 Ill. 568; Lyday v. Douple, 17 Md. 188; Brandon v. Green, 7 Humph. 130; Johnson v. Lyon, 14 Iowa, 431.

In this case, if the alleged fact that John Erb burned the property to obtain the insurance exists at all, it existed at the time of the trial; the same proofs of his guilt must have existed then, if they exist now. If they did exist, was the insurance company prevented in any manner whatever from availing itself of this proof at the trial? There is not an allegation of this kind made in the case, from beginning to end. Nor is there even an assertion that there was any accident or fraud, on the part of John Erb or any other person, by which it failed to obtain its alleged information before the trial. It admits that it never made any inquiry into the cause or origin of the fire before the trial. It relied wholly on the defense that the premium which Erb paid had not found its way into its office, and, therefore, it was not liable.

Per Curiam:

We see nothing in this record to convict the court of error in dissolving the preliminary injunction, nor in refusing to open the judgment.

Decree affirmed and appeal dismissed, at the cost of the appellant.