W. H. Straw and William Henry, trading as Straw & Henry *v.* Elizabeth Murphy, owner or reputed owner, and Harry J. Smith, contractor and Appellant.

*Mechanics' lien—Res judicata—Striking off satisfaction.*

Where on a rule to strike off satisfaction of a mechanics' lien, the case has been considered on its merits, the decision of the court is a bar to any subsequent contest of the same matter either on motion or by formal bill.

*Mechanics' lien—Partnership—Satisfaction of lien—Substitution of fund for land.*

Two partners who were subcontractors filed a mechanics' lien against a building which they had erected under a building contract. Subsequently one of the partners settled with the contractor and satisfied the lien of record. A rule was taken by the other partner to strike off the satisfaction, alleging that it had been entered in fraud of his rights, but not charging fraud upon the contractor. The contractor and the subcontractors filed an agreement that the case should be submitted to the court, and its de-

cision should be final, reserving however the right of appeal. All of the parties subsequently signed an agreement by which it was provided that the owner should pay the amount of the lien into a bank, and that the lien should again be satisfied of record, but it was stipulated that this should in "nowise affect any litigation now pending or that may hereafter be brought, nor is it to be referred to in any proceedings, except that after the decision of said common pleas No. 2 is made, or any appeal therefrom to the Supreme Court is finally decided, should any party take such appeal, it shall be used for the purpose of having an order to disburse said fund in accordance with said decision." *Held,* (1) that the meaning of the agreement was that the decision, whether of the common pleas unappealed from or of the Supreme Court on appeal, was to be final on all the parties as to the right to the fund; (2) that an order should be made directing the fund to be paid to the contractor.

Argued Oct. 29, 1896. Appeal, No. 75, Oct. T., 1896, by defendants, from order of C. P. No. 2, Allegheny Co., April T., 1895, No. 2, discharging a rule to show cause why a sum in bank should not be paid to the contractor. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule to show cause why the sum of $1,172.72 in the Bank of Secured Savings should not be paid to H. J. Smith. Before WHITE, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order discharging rule.

*Wm. A. Hudson,* with him *H. McD. McCue,* for appellant.

*James Fitzsimmons,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, January 4, 1897 :

This case as the learned judge below remarked is very badly mixed, and the court has added greatly to the uncertainty by its failure to indicate the grounds of its action in discharging the appellant's rule for an order that the fund in bank be paid to him. Not having the assistance of its views on this point we have been obliged to seek for the reasons through a very confused record, and have been forced to the conclusion that if the rule was discharged on the merits the result was in conflict with the court's previous action on the rule to strike off satis-

faction of the lien; and if on the form of the remedy sought, the objections were allowed undue weight.

The substantial question in the first aspect is whether or not the appellant's claim to the money in bank has been already adjudicated.   Appellant was the contractor for the erection of certain houses, and Straw & Henry copartners, were subcontractors under him, for brickwork, etc.   The subcontractors were unable to go on with the work, and by agreement appellant took it off their hands and completed it.   The partners having quarreled, a lien was filed in their name for the work, which embarassed the owner and the contractor in getting funds for settlement.   Thereupon the contractor, appellant, settled with Henry, one of the partners, and the latter satisfied the lien of record.   At this point the present litigation began by Straw, the other partner, obtaining a rule to strike off the entry of satisfaction.   In his petition he sets forth the partnership, the contract, the turning over of the work to appellant for completion, the failure of Henry to supply his part of the money, his insolvency, and the consequent liability of petitioner for the debts incurred for materials, the filing of the lien, etc.   The petition then continues that Henry, for the purpose of cheating and defrauding the petitioner had, without his knowledge or consent, fraudulently satisfied the said lien, although receiving no consideration therefor, and that this action was taken by Henry for the purpose of collecting and receiving the money due on said lien, and of appropriating the same to his own use, and thereby rendering petitioner liable for all the claims of the material-men.   He therefore prayed that the satisfaction should be stricken off and the lien reinstated.   It will be observed that appellant is not charged with any participation in the alleged fraud of Henry, nor was the rule asked or granted against him. He however intervened on his own petition, setting forth that the owner was fully protected, and had no interest; that Henry had been paid in full, and petitioner (appellant) was therefore the only person having any substantial interest in the matter. The court ordered him to be made party to the rule, answers were filed by him and by Henry, and thereafter the controversy proceeded between him and Straw, the issue being whether as against appellant, the settlement with Henry, and the latter's entry of satisfaction on the lien, was a fraud on Straw which should be stricken off.

During the taking of testimony on the rule, the owner of the houses, Mrs. Murphy, desiring to be relieved from the lien, paid the amount into the Bank of Secured Savings under an agreement of all parties, which will be noticed hereafter, and a second satisfaction was entered on the record of the lien. It is contended by the appellee, and it is the main argument in support of the order of the court, that this arrangement put an end to the application to strike off the first satisfaction entered by Henry, and the court could do nothing but discharge the rule, as it would be of no value whatever to any one to strike off the first satisfaction after an admittedly valid second one had been entered by consent of all parties. Certainly the most regular and convenient practice would have been to discharge the pending rule without prejudice and award an issue to determine the title to the fund in bank. But this course was not taken. The terms of the agreement and the conduct of the parties all show that the contest proceeded on the old issue. Testimony continued to be taken for a month later, and when it was completed it was submitted to the court, with the agreement that the decision should be final, except that the right of appeal was reserved. This apparent contradiction will be noticed hereafter. The only effect of the arrangement therefore was to substitute the fund for the lien of record, and the parties went on to determine the right to the money just as they would have determined the right to the lien had the arrangement not been made. The whole matter of the settlement by appellant with Henry, and the latter's entry of satisfaction was gone into in the testimony, was submitted to the court for decision, and the opinion of the court shows that it was considered and decided. "The burden of proof" says the learned judge "is on the party taking this rule to show that the satisfaction was wrongfully made. After a careful consideration of the testimony, I am not satisfied the satisfaction should be stricken off, and the lien reinstated." A bill which I have examined is pending in which Straw is complainant, and on that he may get a decree for account, with perhaps a balance in his favor against Henry, but with this the appellant has now nothing to do. His claim to this fund has been once adjudicated, and is not open to further question. The application that Straw made was to the equity powers of the court to undo

the act of his partner on the ground of fraud, and the court having considered the case on the merits, its decision was a bar to any subsequent contest of the same matter either on motion or by formal bill: Gordinier's Appeal, 89 Pa. 528; Frauenthal's Appeal, 100 Pa. 290; Morgan's Appeal, 110 Pa. 271; Given's Appeal, 121 Pa. 260; Ahl v. Goodhart, 161 Pa. 455; Wilson v. Buchanan, 170 Pa. 14. In this last case the subject was fully discussed by our Brother FELL, and it was shown that the earlier case of Wistar v. McManus, 54 Pa. 318, was a departure from principle on this point, and has now been decisively overruled.

Coming now to the second matter, the form of the relief sought is certainly not so scientific or so convenient as an issue directly on the title to the fund, but the objections do not go to the substantial merits, and are not insuperable in a court of equity. The agreement of all parties under which the money was paid in to the bank stipulates that the agreement and satisfaction of the lien are in "nowise to affect any litigation now pending or that may hereafter be brought, nor is it to be referred to in any proceedings, except that after the decision of said common pleas No. 2, is made or any appeal therefrom to the Supreme Court is finally decided, should any party take such appeal, it shall be used for the purpose of having an order to disburse said fund in accordance with said decision." Here then is a specific provision by all the parties in the very creation and deposit of the fund, that it shall be paid out on the order of the court, either the common pleas, or if on appeal, by the Supreme Court upon final decision. And this provision explains the seeming paradox in the agreement of counsel submitting the case to the court, that the decision shall be final, but reserving the right of appeal. Though somewhat Hibernian in expression, the meaning is clear that the decision, whether of the common pleas unappealed from, or of the Supreme Court on appeal, is to be final among all the parties as to the right to this fund. In the face of these agreements the parties cannot be heard to object to the order prayed for, and the only other party concerned, the Bank of Secured Savings, comes in and answers that it received the money on the terms specified in the agreement, and is ready and willing to pay it out to such persons as the court may direct.

The order discharging the rule is reversed, and the rule is made absolute, and the Bank of Secured Savings is directed to pay the fund in controversy, less any proper charges and deductions, to appellant, Harry J. Smith, or his assigns.

Costs of this appeal to be paid by appellee.