## Sherwood Brothers Company, Appellant, *v.* Kennedy.

Argued April 21, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Robert E. Anderson,* with him *George A. Baldwin, Jr.,* for appellant.

*Thompson Bradshaw,* of *Bradshaw, McCreary & Reed,* for appellee.

OPINION BY KELLER, P. J., July 15, 1938:

The point really in dispute in this case is whether the defendant in a judgment confessed by warrant of attorney may file a bill in equity to restrain the enforcement of the judgment and the issuing of execution

thereon, because of fraud in its procurement, or other equitable grounds, or must proceed by petition to open the judgment. The court below took the latter view. We are of opinion that it has misconceived the relevant decisions, and that the plaintiff may elect to proceed by bill.

It must not be forgotten that a petition to open a judgment is essentially an equitable proceeding, and the opening of the judgment an exercise of equity powers: *Fisher v. King*, 153 Pa. 3, 25 A. 1029; *Pfaff v. Thomas*, 3 Pa. Superior Ct. 419, 421, 422. It was "invented in the absence of a court of chancery, as a substitute for a bill in equity to enjoin proceedings at law ...... The grounds upon which the rule is founded are, of course, as varied as those of bills in equity, and, as in equity, each case must stand upon its own peculiar merits": Mitchell on Motions and Rules, pp. 76, 77, Edition of 1879. The history of rules to open judgments, as an exercise of chancery powers, before a court of equity had been established in Pennsylvania, was set forth at length by Chief Justice WOODWARD in *Cochran v. Eldridge*, 49 Pa. 365. Even after courts of equity were established in Pennsylvania, the rule to open judgment was continued to be used because of its convenience and simplicity; but, thereafter, it was optional with the defendant whether to proceed by bill in equity or by petition to open. For years there was some conflict in the decisions as to whether the defendant in the judgment could file a bill in equity *after* he had applied, without success, to open the judgment; but the right to proceed by bill, instead of by petition to open, was never questioned. Thus in *Gravenstine's App.*, 49 Pa. 310, (1865) which was decided at the same term with *Cochran v. Eldridge,* supra, Gravenstine appealed from a decree in equity awarding, at the suit of one Evans, a perpetual injunction against the collection of a judgment which Gravenstine had secured against

The Philadelphia Coal Oil Co. The Supreme Court (THOMPSON, J.) held (p. 320) that as the plaintiff in the court below had applied to the District Court,[1] where the judgment was entered, to open the judgment and it had refused to interfere, he ought to be concluded by that order; but, nevertheless, said: "As, however, it may be more satisfactory to all parties, to treat this appeal on the merits of the bill, answer and proofs, I waive the point and proceed to view it in this aspect"; and on consideration of the merits, the decree was reversed and the bill dismissed.

This was followed by *Wistar v. McManes,* 54 Pa. 318, (1867) (STRONG, J.), a bill in equity for relief against a judgment and to restrain execution upon it, where it was held that a bill would lie notwithstanding the plaintiff—the defendant in the judgment—had unsuccessfully moved the law court to open the judgment and let him into a defense. The Supreme Court pointed out that "opening a judgment in a court of law is always *ex gratia.* Restraining a plaintiff from proceeding upon it, if the defendant has an equitable defense, and has not been guilty of laches by failing to set it up when he had an opportunity, is demandable of right."

*Ashton's Appeal,* 73 Pa. 153 (1873) (SHARSWOOD, J.) followed *Wistar v. McManes,* and notwithstanding that a rule to open the judgment had been discharged, a decree was entered restraining the defendants by injunction from issuing any execution on the judgment ...... and from proceeding to levy any such execution upon the mortgaged premises or to sell the said premises upon any levari facias or execution in said judgment or from proceeding any further to enforce payment of the same, and ordering Ashton to enter satisfaction on the record of said mortgage.

Until the Act of April 4, 1877, P. L. 53, the open-

---

[1] A State court, since abolished; not the federal court.

ing of a judgment, or the refusal to open it, was within the discretion of the court of common pleas and not subject to review by the Supreme Court. Following the passage of that act, which allowed a review by appeal to the aggrieved party, "as equity cases are now appealed," Judge MITCHELL, afterwards Chief Justice, in a note to his Motions and Rules, following a reference to the case of *Wistar v. McManes,* said (p. 77) : "The effect of this statutory extension of the remedy by rule, *on the question of barring a subsequent bill in equity for the same matter,* and consequently on the practice, cannot, perhaps, be safely predicted." [Italics supplied]. But, shortly thereafter, the Supreme Court in *Gordinier's Appeal,* 89 Pa. 528, 529, 530, (1879) affirmed the decree of the court below dismissing a bill filed to restrain the defendant, (plaintiff in an action of ejectment), from issuing a writ of habere facias possessionem (see *Gordinier v. Billings,* 77 Pa. 498, 501, 502, 503) on the judgment obtained in that action, on the ground that the plaintiff in the bill had previously moved the court in the ejectment action for a rule to show cause why the plaintiff should not be enjoined from issuing a habere facias possessionem, and had thus "appealed to the equity powers of the court and ...... prayed for the same measure of relief that he asks for now. It is true he did not proceed by bill, but he did proceed in a form in common practice, and the court, at that time, and in that form had as ample power to do equity as we have now." Referring to the decision in *Gordinier v. Billings,* supra, the lower court went on to say: "We do not understand this to mean that when there has been a motion on equitable grounds for an injunction which has been fully heard, and refused, that afterwards a bill in equity will be entertained on the same grounds. *It seems to us to mean that the defendant had a choice of remedies, by motion or bill;* if he had chosen the latter he could have had

an appeal to the Supreme Court. If a party may try his chances on motion and, if he fails, sustain a bill afterwards, it tends to multiplicity of actions; for that is the course parties will be likely to pursue. Thus a court of competent jurisdiction will have to hear the same matter twice; first deciding 'a matter which rests in the sound discretion of the court below' (3 W. & S. 91), and afterwards hear it again, to give an opportunity for review in the Supreme Court." [Italics supplied]. The Supreme Court affirmed the decree on the opinion of the court below.

The point seems to have been settled definitely by the Supreme Court in *Frauenthal's App.*, 100 Pa. 290, (1882) where a decree in equity perpetually enjoining the appellant from collecting by execution a judgment against the appellee was reversed because the latter, the defendant in the judgment, had previously obtained a rule to stay the execution and open the judgment, which, after hearing, was discharged. The question before the Supreme Court was whether, by the decision on the rule, the matter was not res adjudicata, and the court, following the reasoning of the lower court in *Gordinier's Appeal,* supra, decided that it was. But the opinion writer, Mr. Justice MERCUR, pointed out that in *Gordinier's Appeal,* the court had "declared the defendant had his choice of remedies by motion or bill. Having elected to proceed by motion and failed, he could not afterwards sustain a bill. If this were not so, a court of competent jurisdiction would have to hear the same matter twice. Therefore, he applied the rule that the judgment or decree of a court of justice upon a legal or equitable issue, within its jurisdiction, is binding and conclusive upon all other courts of concurrent power." He then continued: "If we adhere to the last decision of this court, it is fatal to the bill. Why shall we not so adhere? Under our system of jurisprudence the courts of common pleas have full

equity powers. *Many of them may be invoked either by motion and rule or by bill. In those cases where it is optional for a party to elect in which manner he will apply for the exercise of those equitable powers, and he does so elect,* and the court, with full power to grant the desired relief, after full hearing, refuses it, why shall not the decision be conclusive? ...... Whether the application to enjoin against issuing execution be by motion and rule, or by bill, the relief is sought through the exercise of the equitable powers of the court alone, *and not through the intervention of a jury.* The appellee in this case made his election. He submitted his alleged grievance to a court of competent jurisdiction. He had his day in court. The identical matter was adjudged against him." [Italics supplied].

The principle was reiterated in *Morgan's App.,* 110 Pa. 271, (1885), a bill in equity to have a mortgage declared null and void and to enjoin defendants from proceeding upon the judgment obtained on an award of arbitrators. The Supreme Court *reversed* the decree of the court below *dismissing the bill,* saying (pp. 274-5) "We think the court below has misconstrued the character of the bill under consideration. It seems there to have been regarded as merely an attempt to renew the contention which had been previously settled under the rule of the 24th of March, 1879, to show cause why the judgment on the *scire facias* should not be set aside. Were it intended simply to re-open this controversy and thus get a rehearing of that which a competent jurisdiction had finally passed upon at the time mentioned, we would certainly agree that the plaintiffs were concluded by the principles announced in *Gordinier's Appeal,* 8 Nor. [89 Pa.] 528. Where a defendant has been heard, or has had the opportunity to be heard, in a court of common law, even though his defense be an equitable one, he cannot be re-heard on a bill. Neither can he thus cure a mistake in the trial of his

case, or a neglect to appeal, or to sue out a writ of error in time. But the principles here stated do not enter into the contention in hand." The phrase, "or has had the opportunity to be heard in a court of common law," obviously means, has obtained a rule wherein opportunity to be heard was given. See, the use of the word, 'opportunity', in *Given's Appeal,* 121 Pa. 260, 267, 15 A. 468, below. It does not mean that he is *obliged* to proceed by rule, for, in that case, his course would not be *optional.*

*Lebanon Mutual Ins. Co. v. Erb,* 1 Sadler 181, (1885), was an appeal from an order dissolving a preliminary injunction restraining collection of a judgment. The right of the defendant in the execution to proceed by bill was impliedly admitted, but the case was decided against it on the merits. See note of Judge SADLER, p. 181.

In *Knarr v. Elgren,* 19 W. N. C. 531, 533 (1887), an appeal from the order of the lower court opening a judgment, the Supreme Court recognized that a remedy either by motion and rule or by bill was available to the defendant in the judgment, as follows: "The Act of April 4, 1877, [P. L. 53], provides that in all cases of application to have any judgment opened which has been entered by virtue of a warrant of attorney, or on judgment note, the parties aggrieved by the decision of the court of common pleas may have the same reviewed by appeal in like manner and proceeding as equity cases are now appealed. Prior to the enactment of this useful statute the defendant, who applied to have such judgment opened, was compelled to submit to the decision of the court of common pleas as final when entered against him, unless he resorted to a formal bill and proceeding in equity which was the only practical remedy for relief from an unjust judgment. *In either form of procedure the relief demanded is in equity,* and the applicant or complainant must

make a case which would justify a chancellor in entering the decree ...... Were this cause tried in a court of equity in a proceeding commenced by bill it would be dismissed. That it was commenced in another form does not prevent application of the same principles." [Italics supplied].

*Given's Appeal*, 121 Pa. 260, 15 A. 468, (1888) relied on by the appellee and the court below, is, as to the matter now under consideration, really authority for the appellant here. In that case, a bill in equity was filed by the defendant in a judgment, praying (1) that the judgment bond be declared illegal and void; (2) that the judgment and the writs of scire facias to revive the same be stricken off; (3) that the defendant (plaintiff in the judgment) be restrained from further proceeding to obtain a revival thereof or to issue any writ of execution on the judgment. The defendant demurred to the bill: (1) For want of equity; (2) *because complainant had a complete remedy by rule in the cause wherein the judgment was entered;* (3) because of her laches in proceeding by bill. The Supreme Court, speaking through Mr. Justice CLARK, said (pp. 267-8): "The judgment having been entered by confession upon warrant of attorney, the question of the illegality of the consideration was not considered at the entry of the judgment; the defendant cannot be charged with laches in failing to set up her defense, *for she has had no opportunity.* We are inclined to the opinion, therefore, that the facts set forth in the bill present such a case as equity would take cognizance of, *and that the decree sustaining the demurrer and dismissing the bill must be reversed.* But it was stated at the argument, and it is also set forth in the appellee's paper book, and we do not understand the fact to be denied, that the complainant here, *after her bill was dismissed below, filed her petition in the law side of the common pleas, setting forth, substantially, the same facts con-*

tained in the bill; that she obtained a rule to show cause, etc., and upon hearing of that rule, the judgment was opened and the defendant admitted to a defense. This fact does not appear in the record, however, and we cannot give it any consideration in the decree. *If this be so, however, she needs no equitable relief*. The common law court, which at her request has now taken cognizance of the case, has full jurisdiction, under our practice, to consider the matters of defense alleged in the bill. She virtually abandoned the proceeding by bill, in taking the rule and procuring an order in another jurisdiction. The judgment having been opened, the defendant therein has opportunity to set up her defense, and after a trial and judgment upon the issue thus presented, the matters of defense set forth in the bill will be res adjudicata, and equity will not retry the issue. It matters not whether the specific matters of defense stated in the bill are actually set up at that trial or not, for if they are not, the defendant in the judgment has thereby had her day in court. If this were not so, the court of common pleas must hear and determine the same matter twice. If when this record is remitted, therefore, it shall be made to appear that the complainant has already obtained relief under proceedings at law, the court will doubtless dismiss the bill on that ground, as we would certainly do now if the facts alleged were disclosed by the record. The decree is reversed, and the record remitted for further proceedings; the appellee to pay the costs of this appeal." [Italics supplied].

It thus appears that the Supreme Court squarely decided against the contention of the appellee, that the bill would not lie "because the complainant had a complete remedy by rule in the case wherein the judgment was entered," and reversed the court below which had so decided; but, because the appellant, the plaintiff in the bill, was alleged, following the dismissal of her

bill, to have filed a petition in the law side of the court below asking for the opening of the judgment on substantially the same grounds averred in the bill, pursuant to which the judgment had been opened and the defendant admitted to a defense, the court stated, in remitting the record, that if this were so, she needed no relief from the court sitting in equity, for the law court, which, at her request, had taken cognizance of the case, had full jurisdiction to consider the matters of defense alleged in the bill. The plaintiff in that bill voluntarily did what the court below in this case ordered the plaintiff to do. The Supreme Court held, in effect, in that case, that while, otherwise, the plaintiff would have been entitled to relief by bill in equity, by proceeding by motion and rule in the law side, she had virtually abandoned her right to proceed in equity. This the appellant in this case has refused to do. There is nothing in the opinion which sustains the contention that he was obliged to do so. On the contrary it upholds the right of the plaintiff to choose his remedy by bill rather than motion and rule, if he persists in his election.

There is nothing in the later cases, *Haneman v. Pile,* 161 Pa. 599, 29 A. 113 (1894); *Wilson v. Buchanan,* 170 Pa. 14, 32 A. 620 (1895); *Straw v. Smith,* 179 Pa. 376, 36 A. 162 (1897), which reverses or modifies *Given's Appeal,* supra. On the contrary, they cite and rely on *Given's Appeal,* supra, *Frauenthal's Appeal,* supra, and *Gordinier's Appeal,* supra. They all agree in overruling *Wistar v. McManes,* supra, in so far as it authorized the filing of a bill in equity *after the discharge of a rule to open the judgment.* In *Wilson v. Buchanan,* supra, the court quoted the excerpt from the opinion in *Frauenthal's Appeal,* supra, holding that it was optional with the defendant in the judgment to proceed either by motion and rule or by bill. In *Straw v. Smith,* supra, the court said: "The application that

Straw made [a rule to strike off entry of satisfaction of a mechanic's lien] was to the equity powers of the court to undo the act of his partner on the ground of fraud, and the court having considered the case on the merits, its decision was a bar to any subsequent contest of the same matters *either on motion or by formal bill.*" (pp. 379-380) [Italics supplied]. In *Haneman v. Pile,* supra, where a bill in equity was dismissed, the plaintiff in the bill (defendant in the execution) had previously moved the court to set aside the sheriff's sale and judgment, and after full hearing the rule had been discharged. The court pointed out that "the plaintiff has heretofore invoked the equity power of the court to set aside the judgment, sale thereunder, etc., and after full hearing the rule to show cause, granted at his instance, was discharged ...... He has thus had his day in court on matters which constitute the gravamen of his present complaint. The matters on which the controlling averments of the bill are grounded have already been adjudicated, and he has no right to be again heard on the same subjects. ' The principle of res adjudicata applies with full force in all such cases: *Gordinier's App.,* 89 Pa. 528; *Frauenthal's App.,* 100 Pa. 290; *Given's App.,* 121 Pa. 260." (p. 604).

The matter was clearly stated by Judge SMITH, speaking for this court, in *Koch v. Biesecker,* 7 Pa. Superior Ct. 37, 39, 40, (1898), as follows: "This power [of common law courts to open judgments] has not been affected by the equity jurisdiction since conferred on the courts of common pleas; *the defendant has his election to proceed by bill in equity or by application to open the judgment: Frauenthal's Appeal,* 100 Pa. 290; *Gordinier's Appeal,* 89 Pa. 528 ...... The rights of the defendant depend not on the technical character of the defense, as legal or equitable, but on its sufficiency as exhibited to the court. And while, previous to the Act of April 4, 1877, P. L. 53, the case could be reviewed

by the appellate court only on a bill in equity, under that act the decree of the common pleas, on a motion to open a judgment, may be fully examined on an appeal. Since the passage of that act the application for a rule to open is generally resorted to because it is more convenient in practice, and 'the parties aggrieved by the decision of the court thereon may have the same reviewed ...... by appeal, in like manner and proceedings as equity cases are now appealed.' But *in either form of procedure* the relief demanded is in equity, and the *applicant* or *complainant* must make a case which would justify a chancellor in entering a decree': *Knarr v. Elgren,* 19 W. N. 531." [Italics supplied].

*Given's Appeal,* supra, is authority for the ruling in the court below that the appellant is not entitled to relief under the first two prayers of its bill, to wit, (1) That the judgment note given by Sherwood Bros. Co. to R. M. Kennedy in the sum of $1,543.47 be declared void; (2) That the judgment entered thereon at D. S. B. No. 412 December Term 1936, records of Beaver County, Pa., be stricken from the record. Identical prayers for relief in the Given case were refused, the court saying: "The court below as a court of equity of course had no power to interfere with the records of the common pleas as a court of law, and upon appeal we have no greater power than might have been exercised below. The jurisdiction of the common pleas in the entry of the judgment is undoubted, and we cannot strike it off or remove it from the record of that court. The first two prayers of the bill, therefore, we have no power to grant. If a proper case is presented, however, we may enjoin Kern from proceeding to enforce the judgment, but the injunction in such case would not be addressed to, nor would it operate on, the court of common pleas; it would be addressed to him, and would in terms prohibit him from resorting to the legal jurisdiction in which his judgment was obtained for enforcement there-

of. Upon a rule to open or strike off in the common pleas the court may lay its hands upon the judgment itself; but, when the proceeding is by bill in the equity forms, the remedy is directed to the parties only."

The appellant, at bar, in consequence, withdrew from our consideration the first and second prayers for relief.

The assignment of error is sustained. The decree is reversed, and the record is remitted to the court below that an answer may be filed on the merits and a trial be had in due course. Costs to abide the result of the suit.