## Boehm v. The Gramatan National Bank and Trust Co. et al.

*Russell C. Mauch,* for complainants.

*Butz, Steckel, Hudders & Rupp,* for respondents.

HENNINGER, P. J., September 13, 1948.—This case arises on preliminary objections to a bill in equity to restrain defendants from proceeding on a testatum fieri facias from Philadelphia County directed to the Sheriff of Lehigh County upon which said sheriff levied upon plaintiffs' real estate in Lehigh County.

Defendants, Tri-County, Inc., construct and furnish windows, screens and blinds and have offices in Lehigh County. Gramatan National Bank & Trust Company of New York, assignee of a note purported to be signed by plaintiffs, entered judgment on said note in Philadelphia County and caused the testatum fi. fa. to be issued out of that county.

Plaintiffs claim a defense against Tri-County, Inc., by reason of defective material and workmanship, claim that their signatures were obtained to the note by fraud and call our attention to the very suspicious circumstance of the note having been entered in Philadelphia County for no apparent reason other than to compel plaintiffs to leave their and assignor's jurisdiction if they wish to contest the claim. Besides deny-

ing knowledge of the note plaintiffs contend that the note must be nonnegotiable, permitting them to set up against assignee their defense against assignor.

Defendants filed preliminary objections that: (1) The bill fails to state a cause for relief against Gramatan Bank; (2) Gramatan Bank has no liability for any claim for damages against Tri-County, Inc.; (3) plaintiffs have a remedy at law and the allegation of trickery in the foreign entry of judgment is scandalous, impertinent and irrelevant.

The first two preliminary objections are without foundation. Plaintiffs are not seeking to recover judgment against Gramatan Bank, but simply to prevent collection of a note which they say is not their valid obligation and on which they claim a defense against the payee, claiming the right to press this defense against the assignee, on the theory that the note, having been a part of the contract, is nonnegotiable.

The part of the third preliminary objection, which calls scandalous, impertinent and irrelevant the charges of trickery in entering the note in Philadelphia, is also without merit. We also wonder what valid reason there could have been for the choice of that strange forum, except to harass plaintiffs. The law has always compelled plaintiff to seek defendant, as witness our acts providing for methods of service on writs. The exceptions permitting suit in a forum other than that in which a defendant may be personally served are rare and in each case there is a special reason for the exception. Granting Gramatan's legal right to enter the note in Philadelphia, then, if that forum was in fact chosen in order to harass plaintiffs, the charge of trickery is not impertinent, scandalous and irrelevant, when considered in connection with plaintiffs' other charges.

Two other points are clear: (1) A bill in equity is a permissible alternative to a rule to open judgment, to

prevent prosecution of an invalid judgment (Sherwood Brothers Co. v. Kennedy, 132 Pa. Superior Ct. 154, 164), but (2) such bill in equity must be in the county in which the judgment has been entered and not where a testatum fi. fa. is sought to be enforced: Lehigh & N. E. R. R. Co. v. Hanhauser, 222 Pa 248, 251; First Nat Bank & Trust Co. v. Laubach, 333 Pa. 344, 349.

The abuse of the device of testatum fi fa. and the helplessness of the court of the forum of execution to prevent collection of what might be an invalid judgment, has caused our assembly to enact remedial legislation. Section 2 of the Act of March 27, 1945, P. L. 83, 12 PS §914, provides that plaintiff in a testatum fi. fa. shall submit to the jurisdiction of the forum to whose sheriff the writ is addressed by entering an appearance in the prothonotary's office of that county and permits defendant at his discretion to apply to that court or to the court from which the testatum fi. fa. issued for relief by petition to open judgment.

The Act of 1945, supra, does not, however give an execution defendant the alternative right of bill in equity to restrain defendant from prosecuting his execution and, therefore, plaintiffs' present bill against prosecution of a foreign judgment is still improper under the Hanhauser and Laubach cases above cited. Plaintiffs must take their remedy as the legislature has deigned to afford it and must resort, if at all, to our jurisdiction in a petition to open.

The present bill, however, need not be dismissed. As frequently heretofore decided by our courts and as especially set out in the Kennedy case (p. 155) above cited, a rule to open was always considered an appeal to equity, although pressed on the law side of our courts. The simple device of Equity Rule 49 and the very nature of a rule to open permit us to certify this matter to the law side of the court, treating the bill as a rule to open the judgment.