## Hons v. Welliver

*Nicholas B. Piazza*, for plaintiff.

*Smith, Eves & Keller*, for defendants.

KREISHER, P. J., July 24, 1964.—The above captioned plaintiff owned a farm of 122 acres in North Center Township, this county, with a fair market value of $15,000. In February of 1963, execution was issued on two judgments totalling $7,500. Defendants came to plaintiff's aid and saved the farm from sheriff's sale, whereupon the title to the farm was conveyed to defendants, who on April 24, 1963, executed an agreement of sale of said premises to the plaintiff for $7,500 to be paid in 120 monthly installments of $83.50.

Plaintiff became seriously ill in the fall of 1963, and beginning in September defaulted in the monthly payment. Upon plaintiff's return from the hospital around February 1, 1964, plaintiff executed a release and an acknowledgement of default agreeing to vacate the premises on April 1st. Plaintiff alleges a contemporaneous oral agreement to repay defendants on or before February 26th and have his farm reconveyed to him. He also alleges a tender in full in accordance with the oral agreement which was refused. Defendants then entered judgment in ejectment on the sales agreement in default and issued a writ of possession against plaintiff for said premises. On March 16th, plaintiff filed the above captioned action in equity alleging in effect a resulting trust and a stay of the posession proceedings. Defendants have filed preliminary objections to the complaint on the grounds that plaintiff has an adequate remedy at law by petition to open the judgment in ejectment and that the complaint fails to state a good cause of action because plaintiff's claim is barred by the statute of frauds.

Defendants first contention appears to be without merit. In the case of Sherwood Brothers Co. v. Kennedy, 132 Pa. Superior Ct. 154, the opening paragraph of the opinion reads as follows:

"The point really in dispute in this case is whether the defendant in a judgment confessed by warrant of attorney may file a bill in equity to restrain the enforcement of the judgment and the issuing of execution thereon, because of fraud in its procurement, or other equitable grounds, or must proceed by petition to open the judgment. The court below took the latter view. We are of opinion that it has misconceived the relevant decisions, and that the plaintiff may elect to proceed by bill."

Defendants second contention is in effect a demurrer which assumes the truth of all facts pleaded and raises the well-established rule that a complaint should be summarily dismissed by the Court only in very clear cases. In the case of Mulholland v. Pittsburgh National Bank, 405 Pa. 268, it is stated on page 276:

"A complaint should be dismissed only in clear cases. Where, as here, the averments indicate that appellant was incompetent for a long period of time, upon recovery from her illness she should be given an opportunity to prove, if she can, that written instruments executed by her were obtained either when she was incompetent or by undue influence or fraud. This is not to be understood as indicating that appellant can or should prevail; on the contrary, it simply means that appellant should have her 'day in court.' "

The case of Thomka v. Thomka, 109 Pitts L.J. 367, involved a complaint in equity setting forth an oral agreement to reconvey real property and under the discussion on page 370 of the opinion, it is stated:

"Under the Act of April 22, 1856, P. L. 532, §4, a resulting trust in lands may be established by oral testimony, as it is not within the Statute of Frauds, and 'all that is required is that the evidence to support such a trust shall be so clear, precise, convincing and satisfactory that it will satisfy the mind and conscience of a court sitting as a chancellor reviewing the testimony'.

Gate v. Keichline, 282 Pa. 584; Wosche v. Kraning, 353 Pa. 481. Payment of the purchase price is sufficient to create a resulting trust. Potoczny v. Dydek, 192 Pa. Superior Ct. 550, 561; Godzieba v. Godzieba, 393 Pa. 544."

In the case at bar, plaintiff alleges illness and incapacity, an oral agreement to recovery, a tender and refusal, an unjust enrichment and injustice which should entitle him to his day in court. Whether or not he can prove his case and recover his farm is another matter to be resolved at a later date after hearing.

### Order of Court

And now, to wit, this July 24, 1964, defendants preliminary objections are dismissed and defendants are allowed 20 days from the date hereof to file their answer to said complaint.